the company's property. In fact, it appears from an inspection of the survey of the premises of the Sound Realty Company (which survey is annexed to the moving papers) that the westerly boundary of the company is 381.25 feet from the easterly side of the White Plains road. The plaintiff's survey indicates that his easterly boundary line is only 380 feet from the easterly side of the White Plains road. This would leave a space of 1.25 feet between the plaintiff's easterly boundary and the company's westerly boundary line. Hence it is seen that the Sound Realty Company, on its own showing, is not an adjoining or an abutting property owner. The opposition papers and the exhibits fully establish the lines of the plaintiff's property in accordance with the descriptions set forth in the complaint and the survey thereto annexed. They also clearly demonstrate that the property rights of the Sound Realty Company cannot be affected in any degree by the registration of the title of the plaintiff to the property owned by him. The plaintiff strongly asserts that:

"This application is not made in good faith, but solely in the interests of the Title Guarantee & Trust Company, to obstruct and impede the registration of the plaintiff's title in order to make such registration difficult, protracted and expensive, and thus to defeat the operation of the Torrens Law, and discourage property owners from making use of the same."

It is further stated that the same attorneys have sought to intervene and impose an answer in every Torrens title registration action so far brought in this court, and that the same attorneys are in the employ of the Title Guarantee & Trust Company for this specific purpose. If these charges be true, the court and the owner of real property are entitled to know of them.

Motion denied, with $10 costs.

---

### MONTANO v. MISSANELLESE SOCIETY OF MUT. AID.

(Supreme Court, Trial Term, Oneida County. May, 1911.)

1. BENEFICIAL ASSOCIATIONS (§ 18*)—RIGHT TO BENEFITS—BY-LAWS—CONSTRUCTION.

The by-laws of a mutual benefit society, which provide that the society will pay no sick benefits when the certificate of the acknowledged doctor is not produced, that the society will pay a benefit for one year if a member is unable to work, and that the sanitary committee must call on all members who are sick at least once a week, are open to different interpretations on the question whether one doctor's certificate is sufficient to require the payment of sick benefits for an indefinite period thereafter, within the rule that where the interpretation of an instrument depends on the sense in which the language is used, or on facts in connection with the written language to ascertain the intention of the parties, the question is a mixed one of law and fact.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 41–50; Dec. Dig. § 18.*]

2. INSURANCE (§ 388*)—FORFEITURE—CONDITIONS—WAIVER.

Conditions in a contract of insurance for the benefit of insurer may be waived by it, and, as forfeitures are not favored, the courts will be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prompt to seize hold of circumstances indicating an election to waive a forfeiture.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 388.*]

3. BENEFICIAL ASSOCIATIONS (§ 20*)—BENEFITS—CONDITIONS—WAIVER—QUESTION FOR JURY.

Whether a mutual benefit society organized to pay sick benefits to its members waived conditions in the contract of insurance so as to prevent a forfeiture *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Beneficial Associations, Dec. Dig. § 20.*]

4. BENEFICIAL ASSOCIATIONS (§ 18*)—BENEFITS—CONDITIONS—WAIVER.

Where a mutual benefit society organized to pay sick benefits attempted to expel a member, the member, to recover sick benefits, need not file a second doctor's certificate disclosing his continued incapacity, having already filed one on which payment had been made; such certificate being waived.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 41–50; Dec. Dig. § 18.*]

5. BENEFICIAL ASSOCIATIONS (§ 18*)—SICK BENEFITS—LIABILITY.

Where a member of a mutual benefit society organized to pay sick benefits, and governed by by-laws providing that the society would pay no subsidy when the certificate of the acknowledged doctor was not produced, presented to the society a physician's certificate disclosing a disability, the member was entitled to recover sick benefits during his continued illness, provided he remained a member in good standing.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 41–50; Dec. Dig. § 18.*]

Action by Pietro Montano against the Missanellese Society of Mutual Aid. Motion by defendant for new trial on the minutes after verdict for plaintiff denied.

Sholes & Norton, for plaintiff.
Chester W. Davis, for defendant.

PURCELL, J. The defendant is a mutual benefit corporation organized under the laws of this state, having for its object, among other things, the payment to its members in good standing sums of money called "sick benefits" during periods of illness caused either by injury or disease. The plaintiff while a member of the association was taken ill in September, 1907, which affected his eyesight, and he claims that he has never recovered, and that he is now substantially blind. He continued as a member of the association until about March 7, 1909, when the society, at a meeting held on that date, undertook to expel him on account of his misconduct, but for the purposes of the trial it was held, and I think correctly, that the proceedings taken for that purpose were unlawful. People ex rel. Meads v. McDonough, 8 App. Div. 591, 35 N. Y. Supp. 214, 40 N. Y. Supp. 1147. After the attempted expulsion, the plaintiff offered to continue to pay his dues, which was refused.

About February 1, 1909, as required by the by-laws of the association, he procured and filed with it a doctor's certificate to the effect that he had become disabled, and not receiving payment, as provided by the association's by-laws, he brought an action in this court to re-

cover down to about said February 1st, which the defendant did not defend, but compromised or settled with him.   This action is brought to recover for the sick benefits mentioned from about said February 1st to the time of its commencement, and which, if the plaintiff is entitled to recover, amounts to the verdict awarded him.   Before bringing this action, no demand was made upon the defendant for payment, and no further doctor's certificate than the one furnished on February 1, 1909, was filed with the defendant.

Article 14 of the defendant's by-laws provides as follows:

"The society pays no subsidy when the certificate of the acknowledged doctor is not produced."

Article 9 provides:

"The society will pay the subsidy for one year if the member is unable to work; after a year he has a right to one-half of the subsidy if he pays the monthly tax, this always having a medical certificate."

Was the plaintiff bound to furnish a further certificate of a physician before he brought this action, or, if so, was failure to so furnish it waived by the defendant?   It is urged by counsel for the plaintiff that the certificate of February 1, 1909, met the requirements of the defendant's by-laws as to when or how often a certificate should be filed, that it was not intended that more than one should be furnished, and that the defendant was to rely on the report of its sanitary committee which "has the duty of calling on all the members of the Society who are sick.   *   *   *   They will continue to call on them at least once a week and even more if the illness of the member requires it."   It is further said that, if it was not clear to the court that certificates were to be furnished at stated periods, the question of whether the plaintiff was delinquent in furnishing them was properly submitted to the jury—citing Kenyon v. Knights Templar, 122 N. Y. 247–254, 25 N. E. 299; White v. Hoyt, 73 N. Y. 505; Camp v. Treanor, 143 N. Y. 649, 37 N. E. 640; Trustees v. Vail, 151 N. Y. 463, 45 N. E. 1030.

While the question involved is not free from doubt, I am inclined to take the views of the plaintiff's counsel, as suggested.

[1] The language of the by-laws, "this, always having a medical certificate," and "the society pays no subsidy when the certificate of the acknowledged doctor is not produced," is, I believe, as applied to the case in hand, open to different interpretations and comes within the rule that while the construction of a written instrument is a question of law for the court, yet where its interpretation depends upon the sense in which the language is used, or depends upon facts aliunde in connection with the written language to ascertain the intention of the parties, the question becomes a mixed one of law and fact.

[2] Beyond this, it is a general principle of law that conditions inserted in a contract of insurance for the benefit of the company making it may be waived; that forfeitures are abhorrent, and courts prompt to seize hold of circumstances that indicate an election to waive a forfeiture, or an agreement to do so, upon which a party may have relied.

[**3**] In this case, article 2 of the defendant's by-laws, in effect, prescribes that, when the sanitary committee believed that payment of any subsidy to a sick member should cease, they shall report such belief to the society. It is claimed, therefore, that this committee had a duty to perform, and, if performed and the plaintiff was ill, the defendant had knowledge of it. The proofs show that this committee never visited the plaintiff at all, and that, while he did attend meetings from time to time down to the time of his attempted expulsion, knowledge of his condition must have come to the sanitary committee and officers of the society. The question of waiver was, I believe, upon sufficient evidence submitted to the jury, which found as stated.

[**4**] The plaintiff, after his attempted expulsion in March, 1909, might well have said that the filing of an additional certificate would be a useless ceremony, or, if filed, that it would have been wholly disregarded. It seems to me that this is analogous to the rule recognized by the courts in fire insurance cases, which holds that in case of disclaimer of liability proofs of loss are waived.

[**5**] Counsel for the defendant urges that it would be unreasonable to construe the defendant's by-laws to mean that the plaintiff could recover benefits under a physician's certificate showing disability only up to January 31, 1909, for the period covered by the complaint in this action; that, if he could do so, then he could continue to recover during the rest of his life. The argument is not without force, but, if the plaintiff continues to be ill during the remainder of his life, I can see nothing in the by-laws to prevent his recovering providing he continues to be a member of the defendant in good standing. Moreover, if not permitted to recover here, he would not be without remedy providing his illness has been continuous and of such a nature as to disable him from performing work, because he could procure a physician's certificate as to his illness during the period in question, make demand upon the defendant for payment, and, if refused, bring his action.

The motion for a nonsuit is denied, and the defendant may have exception.

A motion by the defendant for a new trial upon the minutes is entertained and denied.